UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIMONE M. DICKSON,

                Plaintiff,

    -against-

SCHENECTADY POLICE DEPARTMENT,

                Defendant.

21-CV-5962 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, a resident of Albany, New York, brings this *pro se* action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. She alleges that Defendant violated her rights, and that the events giving rise to her claims occurred in Schenectady, New York. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff, a resident of Albany, New York, alleges that her claims arose in Schenectady, which is located in Schenectady County. She also alleges that Defendant resides in Schenectady.

Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to her claim arose in this district, venue is not proper in this Court under section 1391(b)(1), (2). Plaintiff's claims arose in Schenectady County, which is located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees, or granted *pro bono* counsel, are determinations to be made by the transferee court.[1] A summons will not issue from this Court. This order closes this case.

Plaintiff consents to electronic service. (ECF 2.)

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 14, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff submitted an application for *pro bono* counsel with her complaint, but she did not submit an application for leave to proceed *in forma pauperis*.